SUE H. DEAN, PETITIONER-APPELLANT, v. JOSEPH A. HOFFMAN, COMMISSIONER OF THE DEPARTMENT OF LABOR AND INDUSTRY, AS CUSTODIAN OF THE SECOND INJURY FUND, RESPONDENT-APPELLEE.

Superior Court of New Jersey
Appellate Division

Argued May 6, 1975—Decided May 16, 1975.

Before Judges CARTON, CRANE and KOLE.

*Mr. Alfred J. Hill* argued the cause for appellant (*Messrs. Wilentz, Goldman & Spitzer,* attorneys).

*Mr. Peter D. Pizzuto,* Deputy Attorney General, argued the cause for respondent (*Mr. William F. Hyland,* Attorney General of New Jersey, attorney; *Mr. Stephen Skillman,* Assistant Attorney General, of counsel).

PER CURIAM. In this workmen's compensation action petitioner Dean appeals from an order dismissing her application for benefits under the Second Injury Fund (*N. J. S. A.* 34:15–94 *et seq*).

Petitioner received an award for a work-connected injury on March 30, 1972. The judge of compensation found partial permanent disability from May 22, 1968, orthopedic and neuropsychiatric in nature, involving an occupational disability superimposed on a pre-existing osteoarthritis with post-traumatic neurosis. On this basis he awarded petitioner 66 2/3% of partial total disability (50% orthopedic in nature; 16 2/3% neuropsychiatric in nature) for 366 2/3 weeks, at $40 a week, totaling $14,666.67. This court, in an unreported opinion, affirmed on the basis of the findings of the judge of compensation.

Petitioner filed her petition in the present proceeding for injuries under the Second Injury Fund on March 19, 1973. In support of her claim petitioner produced the testimony of Dr. Novich, who expressed the opinion that petitioner was totally disabled and unfit for the labor market. He also expressed the opinion that, assuming an award of 66 2/3% partial disability and petitioner's medical history, she is totally disabled, and was so at the time of the prior judgment. It appears that Dr. Novich testified in the earlier proceeding, at which time he found 40% disability. His explanation for the inconsistency was that when he examined petitioner in 1971 he only examined her neck and not her low back.

The judge of compensation, in his advisory report to the Commisioner of Labor and Industry, found that petitioner had not sustained the burden of proving her eligibility for benefits under the fund. In so ruling he noted that in the

prior judgment it was determined that petitioner was not totally disabled. The judge of compensation rejected Dr. Novich's testimony that he had not considered her overall condition when he examined her on the previous claim.

The Director of the Division, acting for the Commissioner, adopted Judge Saland's advisory report and dismissed the petition. Hence this appeal.

■ We affirm. The Commissioner's finding and determination could reasonably have been reached on sufficient credible evidence present in the record, giving due weight to the expertise of the judge of compensation and his opportunity of hearing and seeing the witnesses. *De Angelo v. Alsan Masons, Inc.*, 122 *N. J. Super.* 88, 89 (App. Div.), aff'd o.b. 62 *N. J.* 581 (1973).

■ We add this comment. In the earlier proceeding petitioner sought an award claiming total disability not only on the basis of her neck injury but also because of a claimed back injury. In that proceeding the Compensation Division ruled that she was entitled only to an award of partial total disability and rejected the larger claim of total disability. This court affirmed that award. It would appear to us that she may not relitigate the very same question in this proceeding to which the employer is not a party. The principle of collateral estoppel should bar the present proceeding.

Affirmed.